IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOSEPH PAUL NICHOLS,<br><br>                    Defendant. | CASE NO.  1:11-CR-00204 – AWI - 2<br><br>ORDER GRANTING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 63) |

The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government does not oppose the motion.  For the following reasons, the Court will grant the motion.

"Section 3582(c)(2) authorizes district courts to modify an imposed 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)). A reduction pursuant to Section 3582(c) is a two-step inquiry. *Dunn*, 728 F.3d at 1155 (citing *Dillon v. United States*, 560 U.S. 817, 825-826 (2010)). First, the court must determine whether the defendant is eligible for a modified sentence pursuant to USSG § 1B1.10. *Dunn*, 728 F.3d at 155. If the first question is answered in the affirmative, the court must consider the

applicable § 3553(a) factors to determine whether a reduction is warranted under the circumstances of the case. *Dunn*, 728 F.3d at 1155.

As to the first step, effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants. *See* USSG § 1B1.10(d); 79 Fed. Reg. 44,973. In determining whether to grant a reduction pursuant to Section 3582(c)(2) the court substitutes only the amendments authorized for retroactive application and leaves all other guidelines unaffected. USSG § 1B1.10(b)(1). Any reduction granted must become effective no sooner than November 1, 2015. *See* USSG § 1B1.10(e).

On July 7, 2011, Defendant entered into a plea agreement with the government wherein he agreed to plead guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). Doc. 42. Defendant acknowledged that the drug quantity attributable to defendant was approximately 220 grams of a substance containing methamphetamine or 199.4 grams of actual methamphetamine. Using the Drug Quantity Table at USSG § 2D1.1(c)(3) (2011), the Court determined that the defendant's base offense level for a quantity of actual methamphetamine between 150 and 500 grams was 34. The Court then applied a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b) and a two-level safety valve reduction pursuant to USSG § 5C1.2, resulting in a total offense level of 29. The defendant's criminal history category was I. The resulting Guideline Range was 87 to 108 months. On October 3, 2011, the Court imposed a low-end term of imprisonment of 87 months. Doc. 49 at 2.

The sentencing range applicable to the defendant has subsequently been lowered by the United States Sentencing Commission in Amendment 782, made retroactive on July 18, 2014, see 79 Fed. Reg. 44,973, with an effective date of any such reduction as of November 1, 2015. The defendant's base offense level has been lowered from 34 to 32. *See* USSG § 2D1.1(c)(4). Leaving all other guidelines unaffected, i.e. applying a three-level reduction for acceptance of responsibility and a two-level safety valve reduction, the defendant's total offense level is lowered from 29 to 27. *See* USSG § 1B1.10(b)(1). The amended guideline range is 70 to 87 months. Accordingly, the first step of the Section 3582(c)(2) inquiry is met; the defendant is eligible for a modified sentence.

As to the second step, this Court has considered the Section 3553(a) factors and, for the same reasons that it ordered a sentence at the low end of the Guideline Range at the defendant's sentencing on August 27, 2012, the Court finds that the Section 3553(a) factors support a sentence at the low end of the amended guideline range. Accordingly, the defendant's motion for reduction of sentence will be granted.

IT IS HEREBY ORDERED that the term of imprisonment imposed on October 3, 2011, reflected in the judgment dated October 7, 2011, is reduced to a term of 70 months, effective as of November 1, 2015.  If this sentence is less than the amount of time the defendant has already served as of November 1, 2015, the sentence is reduced to a time served sentence.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, an effective date of the amended judgment as November 1, 2015, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, the defendant shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:   May 7, 2015                                   _____
                                                                             SENIOR  DISTRICT  JUDGE